

ORDERED in the Southern District of Florida on October 17, 2013.

Laurel M. Isicoff, Judge
United States Bankruptcy Court

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

In Re:                                                          CASE NO. 13-20721-LMI
LUCIANO A. PULIDO                                CHAPTER 13
OLGA L. PULIDO
                Debtors,
_____/

ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED
STATUS OF LIEN ON REAL PROPERTY, WELLS FARGO BANK, NA D.E. #46

THIS CASE came to be heard on October 8, 2013, on the Debtors' *Motion to Value and Determine Secured Status of Lien on Real Property* held by WELLS FARGO BANK, NA (Docket Entry #46; the "Motion"). Based upon the Debtors' assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.  The value of Debtor's real property (the "Real Property") located at 12800 SW 149 Street, Miami, Florida 33186, more particularly described as

**Legal Description: Lot 26, Block 1, Deerwood Part One, according to the Plat recorded in Plat Book 114, Page(s) 58, as recorded in Public Records of Miami-Dade County, Florida**

is $210,000.00 at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Wells Fargo Bank, NA (the "Lender") is $276,152.00.

C. The equity remaining in the real property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The motion is **GRANTED.**

2. Lender has an allowed secured claim of $0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on April 11, 2006 at Book 24413 Pages 4299-4303 (5 pages) in the official records of Miami-Dade County, Florida, shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender filed a proof of claim in this case (4-1). It shall be classified as a secured claim in the amount provided in paragraph two, above, and as a general unsecured claim in the amount of $35,950.00 regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

Submitted By:

RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.